It was argued by the defendant that the State, at the time of these respective grants, was entitled to the land, either by escheat or confiscation; and having granted them to persons under whom the defendant claims, could not afterwards make a valid grant of the same lands to the University.
But secondly, supposing the grants under which the defendant claims to be voidable, as having issued by a mistake occasioned by the misrepresentation of the grantees; nevertheless they cannot be avoided on a trial in ejectment. But,
The officers authorized by the government to sell and convey vacant lands which had never been appropriated by any grant, have sold and conveyed lands which have been thus appropriated; to this their power did not extend, and consequently all such sales and grants are void. The Court will not, on the trial of an ejectment, declare that grants thus circumstanced shall be recalled and canceled; but they are bound by the positive terms of the Act of 1777, cap. 1, secs. 3 and 9, to declare that they transfer no title.
Verdict for the plaintiffs.
NOTE. — See same case reported in 3 N.C. 98.
Cited: Tyrrell v. Mooney, 5 N.C. 404; Stanmire v. Powell, 35 N.C. 315;Lovinggood v. Burgess, 44 N.C. 408; Barnett v. Woods, 58 N.C. 433;Board of Education v. Makely, 139 N.C. 38. *Page 144 
(160)